IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. TRICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 19-836-CFC |
| OFFICER TIMOTHY E. JONES, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

Plaintiff William R. Trice ("Plaintiff"), SBI No. 304965, an inmate at the Sussex Correctional Institution, George, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983. On May 30, 2019, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because Plaintiff, while incarcerated, has filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. (D.I. 6). Plaintiff has filed a motion to stay and also asks to proceed under the filing fee payment provisions of 28 U.S.C. § 1915(b). The Court construes the motion as a combined motion to stay and motion for reconsideration. (D.I. 7)

**II.  DISCUSSION**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

1

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

Upon review of the complaint, Plaintiff's past litigation history, the May 14, 2019 Order, and Plaintiff's pending motion, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's May 14, 2019. Plaintiff has "three strikes" and by statute must pay the $400 filing fee in full. See 28 U.S.C. § 1914; 28 U.S.C. 21 1915(g). Nor is a stay appropriate under the circumstances. The Court, however, will give Plaintiff additional time to pay the filing fee in full.

## III. CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration and the motion to stay the proceedings. (D.I. 7)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 20, 2019
Wilmington, Delaware